UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VANESSA BRYANT JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-0069-SS** |
| **STATE OF LOUISIANA THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT** | |

**ORDER**

DOTD'S MOTION FOR SUMMARY JUDGMENT (Rec. doc. 14)

**GRANTED IN PART AND DENIED IN PART**

On January 19, 2009, the plaintiff, Vanessa Bryant Jackson, filed a complaint against the State of Louisiana through the Department of Transportation and Development ("DOTD"). She alleges that: (1) on January 10, 1996, she became employed by DOTD; (2) Sheila Tate, a director of human resources, treated her differently than other similarly situated employees; (3) in the summer of 2007, she injured her right hip and her physician recommended surgery; (4) pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. 2611, she requested leave; (5) on February 1, 2009, the surgery was performed; (6) Tate interfered with her leave; (7) Tate did not subject white employees to the same treatment; (8) the physician reported that Jackson could return to light duty on May 19, 2008; (9) on May 16, 2008, Tate notified Jackson that she could not return to light duty; (10) Tate allowed similarly situated white employees to return to light duty; (11) Jackson's request to take annual leave in lieu of sick leave and return to full duty on July 14, 2008 was denied; and (12) Jackson's employment was terminated on July 7, 2008. Jackson alleges six causes of action including claims under Title VII (42 U.S.C. 2000e), FMLA, and Americans with Disabilities Act

of 1990 ("ADA") (42 U.S.C. 12101). Her prayer includes requests for reinstatement and damages. Rec. doc. 1.

DOTD filed an answer and amended answer. Rec. docs. 6 and 11. The parties consented to proceed before a Magistrate Judge. Rec. doc. 13. The pretrial conference is set for October 28, 2009, and the trial is set for November 16, 2009. Rec. doc. 15. On May 14, 2009, DOTD filed a motion for summary judgment in which it seeks the dismissal with prejudice of the FMLA and ADA claims. Rec. doc. 14. Jackson responds that: (1) her FMLA and ADA claims should be dismissed in part without prejudice to her right to pursue such claims in state court; and (2) the Court should retain jurisdiction over her FMLA and ADA claims to the extent they seek the prospective relief of reinstatement.

In Nelson v. University of Texas at Dallas, 535 F.3d 318 (5th Cir. 2008), the Fifth Circuit held that:

> [A] request for reinstatement (under FMLA) is sufficient to bring a case within the *Ex parte Young* exception to Eleventh Amendment immunity, as it is a claim for prospective relief designed to end a continuing violation of federal law.

Id. at 324. It found that a request for money damages against a state under FMLA was barred by the Eleventh Amendment. Id. at 321. In Board of Trustees of the University of Alabama v. Garrett, 551 U.S. 356, 121 S.Ct. 955, 968 n. 9 (2001), the Supreme Court reached the same conclusion regarding ADA suits by private individuals against states.

IT IS ORDERED that:

1. DOTD's motion for summary judgment (Rec. doc. 14) is GRANTED in PART and DENIED in PART.

2. All of Jackson's claims against DOTD under FMLA and ADA, except for her claims for

reinstatement, are dismissed without prejudice.

New Orleans, Louisiana, this 19th day of June, 2009.

**SALLY SHUSHAN**
**United States Magistrate Judge**