# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**VANESSA BRYANT JACKSON**                            **CIVIL ACTION**

**VERSUS**                                                              **NO: 09-0069-SS**

**STATE OF LOUISIANA THROUGH THE**
**DEPARTMENT OF TRANSPORTATION**
**AND DEVELOPMENT**

# ORDER

DOTD'S MOTIONS FOR SUMMARY JUDGMENT (Rec. docs. 25 and 28)

**GRANTED**

On January 19, 2009, the plaintiff, Vanessa Bryant Jackson, filed a complaint against the State of Louisiana through the Department of Transportation and Development ("DOTD"). She alleges that: (1) on January 10, 1996, she became employed by DOTD; (2) Sheila Tate, a director of human resources, treated her differently than other similarly situated employees; (3) in the summer of 2007, she injured her right hip and her physician recommended surgery; (4) pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. 2611, she requested leave; (5) on February 1, 2008, the surgery was performed; (6) Tate interfered with her leave; (7) Tate did not subject white employees to the same treatment; (8) the physician reported that Jackson could return to light duty on May 19, 2008; (9) on May 16, 2008, Tate notified Jackson that she could not return to light duty; (10) Tate allowed similarly situated white employees to return to light duty; (11) Jackson's request to take annual leave in lieu of sick leave and return to full duty on July 14, 2008 was denied; and (12) Jackson's employment was terminated on July 7, 2008. Jackson alleges six causes of action including claims under Title VII (42 U.S.C. 2000e), FMLA, and Americans with Disabilities Act

of 1990 ("ADA") (42 U.S.C. 12101). She seeks reinstatement and damages. Rec. doc. 1. The parties consented to proceed before a Magistrate Judge. Rec. doc. 13.

On May 14, 2009, DOTD filed a motion for summary judgment for dismissal with prejudice of the FMLA and ADA claims. Rec. doc. 14. Jackson responded that: (1) her FMLA and ADA claims should be dismissed in part without prejudice to her right to pursue such claims in state court; and (2) the Court should retain jurisdiction over her FMLA and ADA claims to the extent they seek the prospective relief of reinstatement. Her FMLA and ADA claims, except for her claims for reinstatement, were dismissed without prejudice. Rec. doc. 19.

On December 17, 2009, DOTD filed a second motion for summary judgment on Jackson's FMLA and ADA claims. Rec. doc. 25. Jackson does not oppose the request for summary judgment on her FMLA claim. Rec. doc. 29. She opposes the dismissal of the ADA claim. On December 22, 2009, DOTD moved for summary judgment on Jackson's Title VII claim and her claim for discrimination under Louisiana's Employment Discrimination Act, La. Rev. Stat. Ann. §23:301. Rec. doc. 28. Jackson does not oppose the request for summary judgment on these claims.[1]

DOTD contends that: (a) Jackson cannot establish that she suffered from a disability as defined by the ADA; and (b) even if she can satisfy this requirement, she cannot establish that she is a qualified individual with a disability. It acknowledges that she experienced a serious health condition but is fully recovered. It contends that it was able to utilize a non-disciplinary removal provision in the Louisiana Civil Service rules to terminate her.

## UNDISPUTED FACTS

---

[1] Thus, the only claim remaining for resolution is Jackson's third cause of action for reinstatement under the ADA. Her first cause of action for a Title VII violation is dismissed; her second cause of action for a FMLA violation is dismissed; her four and fifth causes of action for violations of the Louisiana Employment Discrimination Act, La. Rev. Stat. Ann. § 23:323 and 332, are dismissed; and her sixth cause of action for punitive damages is dismissed.

The following is a summary of the pertinent undisputed facts.

1. Jackson was employed by DOTD from 1995 through July 7, 2008.

2. She experienced right hip pain which was diagnosed as a labral tear.

3. On November 11, 2007, she requested FMLA leave which was granted.

4. On February 1, 2008, she underwent surgery on her right hip.

5. Although her physician reported that she could return to light duty on May 19, 2008, Tate notified her that she could not return to light duty.

6. After she exhausted her FMLA leave, she remained off of work on sick leave through June 9, 2008.

7. Her doctor cleared her to return to work on July 14, 2008.

8. On June 11, 2008, DOTD notified her that it intended to terminate her by non-disciplinary removal.

9. On June 18, 2008, she requested annual leave until July 14, 2008.

10. On June 30, 2008, DOTD terminated Jackson in accordance with Civil Service Rule 12.6(a)(1).

11. At the time of her deposition, she was not under any disability.

## ANALYSIS

Fed. R. Civ. P. 56 provides in pertinent part that summary judgment will be granted when "... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Lujan v. National Wildlife Federation, 497 U.S. 871, 889, 110 S.Ct.

3177, 3189 (1990). To that end, the court must "view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. Wyatt v. Hunt Plywood, 297 F.3d 405, 409 (5th Cir. 2002). Where the record taken as whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986); Washington v. Allstate Ins. Co., 901 F.2d 1281 (5th Cir. 1990).

DOTD contends that Jackson does not satisfy the ADA requirements for a disability, because she fully recovered from the surgery and the right hip pain was resolved. In EEOC v. Chevron Phillips Chemical Co., 570 F.3d 606 (5th Cir. 2009), the Fifth Circuit stated:

> [A]n impairment that substantially limits or is expected to substantially limit a major life activity and whose duration is indefinite and unknowable or is expected to be at least several months qualifies as a disability under the ADA.
>
> Many courts have recognized that relapsing-remitting conditions like multiple sclerosis, epilepsy, or colitis can constitute ADA disabilities depending on the nature of each individual case.
>
> In contrast, temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities. 29 C.F.R. § 1630.2(j); *Pryor v. Trane Co.,* 138 F.3d 1024, 1026 (5th Cir.1998) (same). Examples of temporary, non-disabling impairments include: "broken limbs, sprained joints, concussions, appendicitis, and influenza." 29 C.F.R. § 1630 app., § 1630.2(j); *see Evans v. City of Dallas,* 861 F.2d 846, 852 (5th Cir.1988) (considering claim that knee surgery constituted a disability under The Rehabilitation Act).

570 F.3d at 618 (some citations and quotation marks omitted). In Pryor, the Fifth Circuit rejected the plaintiff's assertion that her injury, surgery, hospitalization, and inability to work for two years established as a matter of law that she had a record of a disability for purposes of the ADA. 138 F.3d at 1028. In Evans, the Fifth Circuit affirmed a summary judgment on a claim under the Federal Rehabilitation Act of 1973, 29 U.S.C. § 794. It agreed with the district court that Evans' knee injury

4

which required surgery was transitory in nature. It said:

> Although the injury may have limited Plaintiff's life activities during his recuperation, Plaintiff does not allege that it continues to do so; nor does he contend that others regard him as having an impairment that continues to do so. At first glance Plaintiff might be supposed to have a record of such an impairment. However, subsections (i) and (iii), cast in the present tense, . . . contemplate an impairment of a continuing nature. . . . See, *Southeastern Community College v. Davis*, 442 U.S. 397, 405-06, n.6 [99 S.Ct. 2361, 2366-67 n.60, 60 L.Ed.2d 980](1979).

861 F.2d at 853-54.[2] See also Ray v. Glidden Company, 85 F.3d 227 (5th Cir. 1996), (the Fifth Circuit affirmed the district court's grant of summary judgment on plaintiff's ADA claim where the plaintiff missed more than a year of work and underwent surgeries to replace his hips and shoulders).

Jackson contends that: (1) she had a serious health condition which caused her to be absent from work from November 2007 to July 14, 2008; (2) she was placed on bed rest before her surgery; (3) she was unable to walk; and (4) physical therapy was required after her surgery.

In response to DOTD's contention that her condition was temporary and resolved fully, she cites EEOC v. Chevron, where the claimant's Chronic Fatigue Syndrome ("CFS") condition was symptomatic for nine months before her termination and was of sufficient severity to constitute a disability throughout this period. The Fifth Circuit described CFS as a chronic disease of indefinite duration. The preceding discussion of EEOC v. Chevron and the cases cited by it demonstrates, however, that Jackson's injury was a temporary non-chronic impairment of short duration with no permanent impact.

Because Jackson did not suffer from a disability under the ADA, it is not necessary to consider the DOTD's alternative argument that Jackson cannot establish that she is a qualified

---

[2] Section 706(8)(B) of the Federal Rehabilitation Act employs language similar to that found in the ADA. Compare Evans, 861 F.2d 852, n. 38 to Pryor, 138 F.3d at 1026.

individual with a disability.

IT IS ORDERED that DOTD's motions for summary judgment (Rec. docs. 25 and 28) are GRANTED and all of Jackson's claims against DOTD will be dismissed with prejudice.

New Orleans, Louisiana, this 21st day of January, 2010.

**SALLY SHUSHAN**
**United States Magistrate Judge**